[Crim. No. 2444. Second Appellate District, Division One.—January 23, 1934.]

THE PEOPLE, Respondent, v. H. J. GROBEN, Appellant.

Robert H. Wallis, William J. McNichols, Raymond G. LaNoue and Anna Zacsek for Appellant.

U. S. Webb, Attorney-General, and Bayard Rhone, Deputy Attorney-General, for Respondent.

YORK, J.—Defendant appeals from the judgment of conviction of involuntary manslaughter and from the order denying his motion for a new trial.

Appellant's first point, that the evidence was insufficient to justify the verdict, is not well taken. There is at most only a conflict in the evidence.

The only point worthy of discussion in this appeal is the alleged misconduct of the district attorney occurring during the progress of the trial in his examination of the witness Shumacher. After the witness had been asked if he had made a certain statement and had answered "No", the following question was put to him by the district attorney: "Q. And that as a reason you said that Mr. Groben had been drinking?" This question was objected to and was assigned by defendant's attorney as misconduct on the part of the district attorney. The court in reply stated: "Yes, I think that goes beyond trying to show that the witness made a different statement at some other time and

place, because the statement as to which you are now seeking to interrogate him is the statement that Mr. Groben did stop at the boulevard stop. Now, you are going further than that in attempting to show that he made some statement about whether or not Mr. Groben had been drinking. That, of course, was not a matter touched on by either side in either the direct or cross-examination. The objection is sustained, and the answer so far as given will be stricken out.''

No request was made by appellant's counsel that the court give to the jury a special instruction to disregard this question asked by the district attorney. There is nothing inherent in the question that could not be wiped out by a proper instruction.

The judgment and order are affirmed. ■ The purported appeals from the verdict of the jury and from the order denying motion in arrest of judgment are dismissed.

Conrey, P. J., and Houser, J., concurred.